

CJ-24-1025
Ogden

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ERIN REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | **CJ 2024-1025** |
| | ) | Case No. CJ-2024-_____ |
| v. | ) | |
| | ) | **Attorney's Lien Claimed** |
| THE STATE OF OKLAHOMA *ex rel.* | ) | **Jury Trial Demanded** |
| THE BOARD OF REGENTS FOR THE | ) | FILED IN DISTRICT COURT |
| OKLAHOMA AGRICULTURAL & | ) | OKLAHOMA COUNTY |
| MECHANICAL COLLEGES, | ) | |
| | ) | FEB 1 6 2024 |
| Defendant. | ) | RICK WARREN |
| | | COURT CLERK |
| | | 106 _____ |

## PETITION

**COMES NOW** Plaintiff Erin Reynolds and, for her causes of action against Defendant The State of Oklahoma *ex rel.* The Board of Regents for the Oklahoma Agricultural & Mechanical Colleges, alleges and states as follows:

### The Parties

1. Plaintiff Erin Reynolds is and at all relevant times has been a citizen of the State of Oklahoma and a resident of the City of Lawton, Oklahoma.

2. Defendant The State of Oklahoma *ex rel.* The Board of Regents for the Oklahoma Agricultural & Mechanical Colleges ("Defendant OSU") is and at all relevant times has been a constitutional agency of the State of Oklahoma with its principal place of business in Oklahoma County, State of Oklahoma.

3. Defendant is a "public entity" within the meaning of the Americans with Disabilities Act.

1

Exhibit 2

4. Defendant, as well as its services, programs, and activities implicated herein, receives federal financial assistance within the meaning of 29 U.S.C. § 794 and 794a.

## Jurisdiction and Venue

5. This Court has personal jurisdiction over Defendant.

6. Venue is proper in this Court because Defendant may be served with process in Oklahoma County.

## Factual Allegations

7. In November 202, Plaintiff Erin Reynolds ("Reynolds") was accepted as a student in the Oklahoma State University College of Osteopathic Medicine (the "COM"). She enrolled and began classes in August of 2021.

8. Reynolds has a formal diagnosis of anxiety disorder from her physician.

9. Anxiety disorder is a recognized mental impairment in the medical community.

10. The symptoms that Reynolds experienced as a result of her anxiety were severe. The symptoms included (i) nausea and vomiting; (ii) panic attacks; (iii) racing thoughts; (iv) inability to control intrusive and racing thoughts; (v) trouble sleeping; (vi) racing heart; and. among other things, (vii) inability to sleep.

11. Reynolds' anxiety substantially limited her ability to perform more than one major life activity. including learning, reading, concentrating, and communicating. For example, Reynolds could not focus due to lack of sleep, nausea, and racing heart, which precluded her ability to learn, read, concentrate, and communicate.

12. Reynolds notified Defendant OSU about her disability.

13. Reynolds requested a reasonable accommodation from Defendant OSU, specifically, Reynolds requested an opportunity to repeat her second year of medical school.

14. Defendant OSU provided the opportunity to repeat the second year of medical school to at least one of Reynolds' classmates. However, Defendant OSU refused to provide this accommodation to Reynolds.

15. In fact, Defendant OSU did not provide *any* accommodation to Reynolds, nor did it participate in the interactive process in any way whatsoever.

16. Due to Defendant OSU' failure to accommodate Reynolds, and its failure to participate in the interactive process, Reynolds did not successfully complete the requirements of the program, and she was thereafter dismissed from the COM.

17. Reynolds could have successfully completed the requirements of the program if she had been provided a reasonable accommodation by Defendant OSU.

### FIRST CAUSE OF ACTION
### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

18. Reynolds incorporates by reference the above and foregoing paragraphs as though set forth in full herein.

19. Reynolds is disabled as that term is defined in the Rehabilitation Act.

20. Reynolds was "otherwise qualified" to participate in the educational program described herein.

21. Defendant OSU and the specific educational program at issue herein received federal financial assistance at all relevant times.

Exhibit 2

22. Defendant OSU discriminated against Reynolds on the basis of her disability as described herein.

23. As a direct and proximate result of Defendant OSU's discrimination against Reynolds, Reynolds has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, injury to reputation, embarrassment, humiliation, and severe impairment of her earning capacity.

WHEREFORE Plaintiff prays for judgment against Defendant OSU as follows:

(a) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and in accordance with the proof at the time of trial;

(b) For a reasonable attorney's fee, court costs, and interest as allowed by law, including pre-judgment interest and post-judgment interest; and

(c) For such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

24. Reynolds incorporates by reference the above and foregoing paragraphs as though set forth in full herein.

25. Reynolds is a qualified individual with a disability as herein described.

26. Reynolds was excluded from participation in, and denied the benefits of, Defendant OSU's educational programs or activities.

27. Reynolds was excluded from participation in, and denied the benefits of, these programs or activities by reason of her disability.

Exhibit 2

28. As a direct and proximate result of Defendant OSU's discrimination against Reynolds, Reynolds has suffered economic loss, mental anguish and emotional distress, sleeplessness, anxiety, injury to reputation, embarrassment, humiliation, and severe impairment of her earning capacity.

WHEREFORE Plaintiff prays for judgment against Defendant OSU as follows:

(a) For her actual damages in a sum in excess of Seventy-Five Thousand Dollars and in accordance with the proof at the time of trial;

(b) For a reasonable attorney's fee, court costs, and interest as allowed by law, including pre-judgment interest and post-judgment interest; and

(c) For such other and further relief as the Court deems just and proper.

Dated this ___ day of February, 2024.

Barrett T. Bowers, OBA# 30493
THE BOWERS LAW FIRM
1611 N. Broadway Ave.
Second Floor
Oklahoma City, Oklahoma 73103
(405) 768-2907 - Office
(405) 727-7188 – Cell
barrett@bowerslawok.com