IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIN REYNOLDS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF OKLAHOMA ex rel. )<br>THE BOARD OF REGENTS FOR THE )<br>OKLAHOMA AGRICULTURAL & )<br>MECHANICAL COLLEGES, )<br>)<br>    Defendant. ) | Case No. CIV-24-227-PRW |

## ORDER

Before the Court is Defendant State of Oklahoma ex rel. The Board of Regents for Oklahoma Agricultural & Mechanical Colleges' Motion for Summary Judgment (Dkt. 20). This matter is fully briefed, and for the reasons that follow, the Motion (Dkt. 20) is **GRANTED**.

### *Background*[1]

This case arises from alleged discrimination on the basis of disability status and failure to provide reasonable accommodation. Plaintiff Erin Reynolds was a student at Oklahoma State University College of Osteopathic Medicine ("COM") from August 2021 through her dismissal on November 14, 2023. After repeating two courses from her second year of study in which she originally received marginal grades on her first attempt, Plaintiff

---

[1] This section is based on facts undisputed as described in the parties' briefs.

1

began preparing for the Comprehensive Osteopathic Medical Licensing Examination (the "COMLEX"), the passage of which is required for progression to the third year of medical school. Prior to sitting for the COMLEX, COM students must successfully take the Comprehensive Osteopathic Medical Self-Assessment Examination (the "COMSAE").

By June 2023, Plaintiff was unable to achieve the required minimum score on the COMSAE after four attempts. She then met with the COM's Academic Standards Committee (the "ASC") to address this issue, where she attributed her poor performance to "content gaps" in her medical education and asked to repeat her second year of medical school to fill those gaps. The ASC advised Plaintiff that repeating her second year of medical school would not increase her likelihood of passing the COMLEX, and therefore it did not issue a recommendation that she be allowed to do so. The ASC instead provided a plan to help Plaintiff pass the COMSAE, which included recommendations that Plaintiff continue meeting with academic assistance personnel, attend external preparation courses, work with a tutor, and take a leave of absence if she had not passed the COMSAE by a certain point in time. Further, at this meeting, Plaintiff was informed that failure to pass the COMSAE by a specific point in time would result in her dismissal from the COM. At no point did Plaintiff request accommodations from the National Board of Osteopathic Medical Examiners, the organization that administers the COMSAE.

Following her meeting with the ASC in June 2023, Plaintiff attempted the COMSAE four more times, still without achieving a passing score. Plaintiff was eligible to attempt the COMSAE a total of ten times, two less than she ultimately did. She was

subsequently dismissed from the COM on November 14, 2023, by a letter from the COM Dean, Dr. Dennis Blankenship.

On January 17, 2024, after being admitted to a different course of study at Oklahoma State University, Plaintiff submitted a letter dated November 12, 2023, signed by Dr. Aryan Kadivar, which stated that she "has been diagnosed with anxiety[.]" This letter also set forth a request for accommodations related to anxiety. The accommodations Plaintiff requested and was granted to address her test anxiety and panic attacks were extra time for taking exams, the ability to reschedule exams, and the option for twenty-four-hour extensions of assignment deadlines.

Plaintiff filed this action in the District Court of Oklahoma County on February 16, 2024, after which Defendant timely removed the case to this Court on March 5, 2025. Plaintiff alleges violations of § 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. (*See* Dkt. 1). Defendant now moves for summary judgment on Plaintiff's claims.

### *Legal Standard*

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, a court must view all facts and reasonable inferences in the light most favorable to the nonmovant.[2] Courts are not to weigh the evidence and determine the truth

---

[2] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted).

of the matter asserted, but instead are to determine only whether there is a genuine dispute for trial before the fact-finder.[3] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[4] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue for either party.[5]

When, as here, the nonmoving party has the ultimate burden of persuasion at trial, the moving party "has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."[6] "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[7] "Once the moving party points out the absence of evidence to create a 'genuine issue' of a 'material fact' on which the non-moving party bears the burden of proof at trial, . . . [t]he non-moving party must set forth specific facts showing there is a genuine issue for trial."[8]

---

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Id.* at 248.

[5] *Id.*

[6] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002*), as amended on denial of reh'g* (Jan. 23, 2003) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

[7] *Id.*

[8] *Otis v. Canadian Valley-Reeves Meat Co.*, 884 F. Supp. 446, 449–50 (W.D. Okla. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995) (citing *Anderson*, 477 U.S. at 248).

*Analysis*

Because claims under "Title II and section 504 essentially 'involve the same substantive standards, [the Court] analyzes them together.'"[9] Accordingly, "[a] prima facie case under § 504 consists of proof that (1) plaintiff is handicapped under the Act; (2) [s]he is 'otherwise qualified' to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff."[10] As for Title II, the prima facie case "requires proof that (1) plaintiff "is a qualified individual with a disability," (2) who was "either excluded from participation in or denied the benefit of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (3) "such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability[.]" [11] Further, there are three different forms a discrimination claim can take: intentional discrimination manifesting in disparate treatment, disparate impact, and a failure to provide a reasonable accommodation.[12]

I. **Plaintiff has not stated a claim for discrimination based on disparate impact.**

Defendant argues that Plaintiff has failed to assert a claim for a violation based on a disparate impact theory, which would require her to "show that a 'specific policy caused

---

[9] *Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Cir. 2019) (quoting *Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1245 (10th Cir. 2009).

[10] *Miller*, 565 F.3d at 1246 (citation and quotation omitted).

[11] *Id.* (citing *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

[12] *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016) (citation omitted).

a significant disparate effect on a protected group.'"[13] Further, "an isolated instance" of discrimination will not do to sustain a disparate impact claim.[14] Plaintiff would need to point to "a pattern or practice of discrimination[.]"[15] The Court agrees. Nowhere in the record does Plaintiff so much as wink at allegations of systemic discrimination. Instead, all complaints of discrimination apply to Plaintiff as an individual. To the extent any claim does exist premised on a disparate impact theory, the Court **GRANTS** summary judgment in favor of Defendant.

## II. Plaintiff's claim for disparate treatment fails.

An inference of intentional discrimination can stem "from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights."[16] To sustain a charge of deliberate indifference, Plaintiff must show that Defendant had "knowledge that a harm to a federally protected right is substantially likely" and then accordingly failed "to act upon that . . . likelihood."[17] Simple negligence in failing to act will not be sufficient to sustain a disparate treatment claim.[18] The failure must "involve an element of deliberateness."[19]

---

[13] *Id.* at 1299.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 1298 (internal citations and quotation omitted).

[17] *Id.* (internal citation and quotation omitted).

[18] *Id.* (internal citation and quotation omitted).

[19] *Id.* (internal citation and quotation omitted).

Plaintiff confusingly attempts to suggest the Supreme Court has abrogated the "deliberate indifference" standard after its decision in *A.J.T. v Osseo Area Schools Independent School District No. 2*.[20] Plaintiff is wrong in her interpretation of *A.J.T.* The Court in *A.J.T.* dispatched with a uniquely heightened standard for discrimination claims related to education services that required a showing of "bad faith or gross misjudgment"—over and above the required showing in other ADA and Rehabilitation Act claims.[21] The Supreme Court *reinforced* the "deliberate indifference" standard in *A.J.T.*, leaving undisturbed the requirement that a plaintiff must "prove the defendant disregarded a 'strong likelihood' that the challenged action would 'result in a violation of federally protected rights.'"[22] Plaintiff has simply failed to put forward any facts to suggest that Defendant acted with anything approaching deliberate indifference. Instead, the record reflects a series of efforts to help a struggling student succeed to the best of the COM's ability.

In incorrectly stating the standard to show disparate treatment, Plaintiff fails to rebut Defendant's contention that it did not satisfy either prong of the deliberate indifference test. "Judges are not like pigs, hunting for truffles buried in briefs."[23] That Plaintiff "fails to make an argument in opposition to a motion for summary judgment, that argument is

---

[20] 605 U.S. 335 (2025).

[21] *A.J.T.*, 605 U.S. at 345–346.

[22] *Id.* at 345 (citation omitted).

[23] *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

waived."[24] Regardless it is unclear how the Court could otherwise find evidence that Defendant acted with negligence, let alone deliberateness in regard to its treatment of Plaintiff. It is undisputed that Defendant offered Plaintiff generous assistance in her struggle to successfully complete the COMSAE, offering to recommend that she get the opportunity to take a leave of absence, attend an external preparation course and/or work with a tutor, and even provided her a coach for board preparation. Further, "under the ADA a qualified individual with a disability is not entitled to the accommodation of her choice, but only to a reasonable accommodation."[25]

To the extent that Plaintiff's knowledge gaps caused by anxiety led to her inability to pass the COMSAE (without exhausting the ten allotted attempts), Plaintiff was reasonably offered additional preparation courses and additional time off from school to study and prepare for the exam. Further, Defendant has provided a reasonable basis for its belief that repeating her second year of instruction would not have been an accommodation that it would expect to yield favorable results for Plaintiff.[26] Defendant rightly points out that courts provide wide deference to academic institutions concerning competence for continued progression in a degree program.[27] To do otherwise would unnecessarily invite

---

[24] *Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, No. 19-cv-2075-WJM-SBP, 2025 WL 2613769, at *9 (D. Colo Sept. 10, 2025) (quoting *Bella Monte Owners Ass'n, Inc. v. Vial Fotheringham, LLP*, 2021 WL 5961566, at *7 (D. Utah Dec. 16, 2021) (collecting cases).

[25] *Reynolds v. AutoZone, Inc.*, No. 2:17-CV-1319 TS, 2019 WL 3083064, at *3 (quoting *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1177 (10th Cir. 1999)).

[26] *See Mot. Summ. J. (Dkt. 20), at 18.*

[27] *See*, *e.g.*, *Cunningham v. Univ. of N.M. Sch. of Med.*, 531 F. App'x 909, 920 (10th Cir. 2012).

8

disputes over grades and dismissals into the courtroom. The courts cannot become super-charged boards of education. For these reasons, the Court **GRANTS** summary judgment in favor of Defendant as to Plaintiff's claim for disparate treatment.

### III. Plaintiff has not alleged facts sufficient to sustain a claim for a failure to accommodate.

"A public entity must provide a reasonable accommodation under the ADA when it knows that the individual is disabled and 'requires an accommodation of some kind to participate in or receive the benefits of its services.'"[28] Only when a public entity "'knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation.'"[29]

It's important to take a step back for a moment and recognize that Plaintiff was dismissed from COM for failure to pass the COMSAE (while failing to take it the maximum number of times). Plaintiff acknowledges that the ASC recommended she seek help with her test anxiety.[30] Plaintiff appears not to dispute the fact that she failed to begin addressing her test anxiety until well after she identified it as a problem.[31] Instead, Plaintiff attempts to shift the burden onto Defendant to both identify the disability at issue and determine if it has been adequately addressed. This is manifestly unfair. Plaintiff nowhere disputes that she attributes her failure to pass the COMSAE to "focusing on finishing her

---

[28] *Albuquerque Public Schools*, 813 F.3d 1289, 1299 (quoting *Robertson v. Las Animas Cty. Sheriff's Dep't,* 500 F.3d 1185, 1197 (10th Cir. 2007)).

[29] *Id.* at 1299 (quoting *Robertson*, 500 F.3d at 1197–98).

[30] ASC Memo and Letters (Dkt. 20, Ex. 2), at 12.

[31] Pl.'s Resp. (Dkt. 23) at RDF8.

courses instead of devoting time to board study."[32] It is unreasonable to expect Defendant to have been on notice as to Plaintiff's need for an accommodation for her anxiety, when Plaintiff *attributed her failure to pass the COMSAE* to a completely different cause, and when her request for accommodation was to repeat a year of school *she already had successfully completed.* Plaintiff points the Court to caselaw that holds that a failure to accommodate claim can succeed when the public entity possesses knowledge that would allow it to infer a disability exists.[33] But any inference that COM should or could have drawn was destroyed by Plaintiff's own assurances that her failure to pass the COMSAE was due to insufficient study.

While it is enough to grant summary judgment in favor of Defendant based on the inability of Plaintiff to show that Defendant was on notice of Plaintiff's disability, as to the reasonableness of Plaintiff's requested accommodation, it was a novel one, both at COM and in caselaw. Plaintiff has not supplied, and the Court has not found, a situation where an accommodation to repeat a year of study already successfully completed was ultimately prescribed as an accommodation in an ADA case. As previously stated, students are not entitled to any accommodation of their choice.

For these reasons, the Court **GRANTS** Defendant's motion for summary judgment as to the failure to accommodate claims.

---

[32] *See* Pl.'s Resp. (Dkt. 23), at 7, (incorporating ASC Memo and Letters (Dkt. 20, Ex. 2), at 12).

[33] *See Robertson v. Las Animas Cty. Sheriff's Dep't*, 500 F.3d 1185, 1196–97 (10th Cir. 2007).

*Conclusion*

For the reasons discussed above, Defendant's Motion to Summary Judgment (Dkt. 20) is **GRANTED**. A separate judgment will follow.

**IT IS SO ORDERED** this 9th day of October 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE